**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL J. PETERSON,** | ) | |
| | ) | |
| **Claimant,** | ) | **No. 16 CV 11626** |
| | ) | |
| **v.** | ) | **Jeffrey T. Gilbert** |
| | ) | **Magistrate Judge** |
| **NANCY BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Daniel J. Peterson ("Claimant") seeks review of the final decision of Respondent Nancy Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 8.] The parties have filed cross-motions for summary judgment [ECF Nos. 21 and 28] pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 23] is granted, and the Commissioner's Motion [ECF No. 28] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

On May 8, 2014, Claimant filed an application for SSI, alleging a disability onset date of November 1, 2012. (R. 14.) This application was denied initially and upon reconsideration, after which Claimant requested an administrative hearing before an administrative law judge ("ALJ").

(*Id*.)  On February 1, 2016, Claimant, represented by a non-attorney representative, appeared and testified at an administrative hearing before ALJ Karen Sayon.  (R. 29–69.)  The ALJ also heard testimony from vocational expert ("VE") Ronald Malik.  (*Id*.)

On June 23, 2016, the ALJ denied Claimant's application for SSI, based on a finding that she was not disabled under the Act.  (R. 14-23.)  The opinion followed the five-step evaluation process required by Social Security Regulations ("SSR").[1]  20 C.F.R. § 404.1520.  At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since the application date of May 8, 2014.  (R. 16.)  At step two, the ALJ found that Claimant had the severe impairments of mild aortic stenosis with moderate aortic insufficiency.  (*Id*.)  The ALJ further found that Claimant had the non-severe impairments of hypertension, hyperlipidemia, and cervical and thoracic degenerative disc disease.  (*Id*.)  At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  (R. 17.)

The ALJ then assessed Claimant's residual functional capacity ("RFC")[2] and concluded Claimant had the RFC to perform the full range of medium work as defined in 20 CFR 416.967. (R. 17.)  Based on this RFC, the ALJ determined at step four that Claimant could not perform any

---

[1] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration."  *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1).  Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating."  *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  "The RFC is the maximum that a claimant can still do despite his mental and physical limitations."  *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

past relevant work. (R. 709.) Finally, at step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Claimant could perform. (R. 22.) Specifically, the ALJ found Claimant could work as a packer, order picker, or machine offbearer. (R. 65.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 23.) The Appeals Council declined to review the matter on October 24, 2016, making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. (*Id.*) Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot

stand.  *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).  Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision.  *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008).  It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence."  *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## III. ANALYSIS

On appeal, Claimant asserts that the ALJ made four errors.  First, Claimant argues that the ALJ improperly categorized his degenerative disc disease as a non-severe impairment.  Second, Claimant argues that the ALJ erred by failing to submit evidence to medical scrutiny and, instead, reached her own conclusions regarding medical imaging.  Third, Claimant contends that the ALJ erred by giving non-examining state agency medical consultants' opinions great weight.  Finally, Claimant argues that the ALJ's evaluation of Claimant's subjective allegations was legally insufficient.  The Court finds that the ALJ did err in failing to submit a potentially decisive MRI to medical scrutiny and that, as a result of this error, the ALJ erred in her assessment by categorizing Claimant's degenerative disc disease as non-severe, improperly weighed the medical opinion evidence, and improperly assessed Claimant's subjective allegations and credibility.

The ALJ relies heavily on the medical opinions of the state agency medical consultants, Dr. Young-Ja Kim and Dr. Phillip Galle, giving their opinions great weight.  (R. 21.)  Dr. Kim completed a medical source statement on October 9, 2014, and Dr. Galle affirmed Dr. Kim's assessment on August 27, 2015.  (R.73, 84.)  However, Claimant underwent an MRI on November 25, 2015.  (R. 396.)  This MRI revealed multiple findings along with a final impression of "multilevel degenerative disc disease."  (R. 396.)  The ALJ did not submit this new evidence to the state agency medical consultants as she should have done, despite its showing of increased

findings in Claimant's condition. *See Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (finding that an ALJ's critical failure was her failure to obtain a medical report on the results of an MRI that was new and "potentially decisive medical evidence.").

Neither Dr. Kim's nor Dr. Galle's findings show an impairment of multilevel degenerative disc disease, as those findings were not revealed until the November 25, 2015 MRI. (R. 73, 84.) The ALJ reached her own conclusions about the findings of the November 25, 2015 MRI and whether it showed any clear limitations for Claimant. The Seventh Circuit often has reminded the Commissioner that administrative law judges may not play doctor and make their own medical findings. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014) (stating "ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Here, the ALJ gives the November 2015 MRI no more consideration than three sentences, in which she concludes that its findings contrast with the two treating physicians' opinions regarding Claimant's physical limitations, as well as bolster the findings of the state agency medical consultants. (R. 20-22.) The ALJ is in no position to make independent medical findings regarding whether an MRI's findings contrast or strengthen a physician's opinions.

The ALJ's independent determinations based on the MRI findings creates flaws in the ALJ's reasoning for classifying Claimant's degenerative disc disease as a non-severe impairment. While the ALJ may ultimately come to the conclusion that Claimant's degenerative disc disease is a non-severe impairment, she cannot do so when her opinion is based on her independent medical findings without the support of a medical report.

Next, Claimant is correct in arguing that the ALJ erred in her reasoning for giving the state agency medical consultants' opinions great weight. Both consultants tendered their reports without seeing the results of the November 25, 2015 MRI, which showed multilevel degenerative disc disease. The ALJ attempts to reason that this MRI is consistent with the findings of the state agency medical consultants by stating that the MRI showed no more than "minimal to mild changes." (R. 21.) However, the ALJ made this statement independent of any medical scrutiny, and the state agency medical consultants were not able to evaluate the MRI findings themselves. Without supporting medical evidence or authority, an ALJ cannot substitute his judgment for that of a doctor. *See, e.g., Boiles*, 395 F.3d at 425; *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended* (Dec. 13, 2000). The ALJ's personal conclusions regarding MRI reports cannot be used to argue that a consulting physician's opinion deserves more weight than a treating physician's opinion.

In sum, the ALJ failed to "build an accurate and logical bridge from the evidence to her conclusion." *Steele*, 290 F.3d at 941 (internal quotation omitted). This prevents the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review, necessitating remand.[3] *See Scott*, 297 F.3d at 595. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to consider all the evidence in the record, expand the record if necessary, and build a logical bridge between the evidence and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d

---

[3] Because the Court remands on the errors identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. The Commissioner, however, should not assume discussion of those issues was omitted from the opinion because the Court agrees with the ALJ's analysis and decision. In particular, Claimant's challenge to the ALJ's credibility finding implicates some of the same concerns as are discussed in this Memorandum Opinion with respect to the 2015 MRI. On remand, the Court would think the ALJ would revisit her credibility analysis in light of this new evidence.

672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 200); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 23] is granted and the Commissioner's Motion [ECF No. 28] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 23, 2018